**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

|  |  |
|---|---|
| Francisco RODRIGUEZ ROMERO, *et al.*, | Case No. 25-01106-JWD-EWD |
| *Petitioners*, | |
| v. | Judge John W. deGravelles |
| Scott LADWIG, *et al.*, | Magistrate Judge Erin Wilder-Doomes |
| *Respondents*. | |

**<u>ORDER</u>**

Before the Court is Habeas Petitioner Ibrahim Mohammed's Motion to Appoint an Interpreter for the March 25, 2026 Hearing at Court Expense. (Doc. 42). After being arrested and held in detention for months by ICE, Mr. Mohammed previously sought (Doc. 1) and was granted habeas relief pursuant to 28 U.S.C. § 2241 (Doc. 28). Roughly a month after the Court granted habeas relief, Mr. Mohammed was re-detained and is now being held in ICE custody awaiting potential deportation to a third country—Eswatini. He immediately filed Emergency Motions to enforce the Court's prior Order (Doc. 31) and for entry of a Temporary Restraining Order (Doc. 34).

The Court entered a Temporary Restraining Order (Docs. 36, 40) (TRO in effect until March 31, 2026) and set an evidentiary hearing (Doc. 40) on the Motion to Enforce Order Granting Habeas Corpus Petition and Compel Release (Doc. 31) for March 25, 2026. Once the hearing was set, Mr. Mohammed filed the instant Motion to Appoint Interpreter. (Doc. 42).

Because Mr. Mohammed is "a native Amharic speaker" who is "not fluent in English" (Doc. 42-1 at 1), he now "moves the Court to provide an Amharic interpreter for the evidentiary

hearing" to facilitate his "live testimony and to permit the Court to make credibility determinations and findings of fact" (Doc. 42 at 1). For the reasons given below, Mr. Mohammed's Motion (Doc. 42) will be granted.

Often referred to as the Court Interpreter's Act, 28 U.S.C. § 1827 allows a district court to appoint an interpreter for a person not proficient in English, like Mr. Mohammed:

> The presiding judicial officer, with the assistance of the Director of the Administrative Office of the United States Courts, shall utilize the services of the most available certified interpreter . . . in judicial proceedings instituted by the United States, if the presiding judicial officer determines . . . that such party . . . or a witness who may present testimony in such judicial proceedings—
> (A)     speaks only or primarily a language other than the English
>            language . . . .

28 U.S.C. § 1827(d)(1)(A). The Act goes on to explain that the term "judicial proceedings instituted by the United States  . . . refers to all proceedings, whether criminal or civil, including pretrial and grand jury proceedings (as well as proceedings upon a petition for a writ of habeas corpus initiated in the name of the United States by a relator) conducted in, or pursuant to the lawful authority and jurisdiction of a United States district court." 28 U.S.C. § 1827(j). And section 230 of the *Guide to Judiciary Policy* further clarifies that "Habeas corpus petitions filed under 28 U.S.C. §§ 2241 or 2254 and § 2255 motions are considered 'judicial proceedings instituted by the United States' as defined by 28 U.S.C. § 1827(j)." *Guide to Judiciary Policy* § 230 (Habeas Corpus Petitions).[1]

Relevant here, a "judge must appoint an interpreter" in a habeas corpus proceeding filed under § 2241 when:

> (a)     the petitioner speaks only or primarily a language other than English or
>            suffers from a hearing impairment; and
> (b)     this fact inhibits:
>            (1)     the petitioner's comprehension of the proceedings;

---

[1] Section 230 of *Guide to Judiciary Policy* has been made publicly available on the judiciary's website. (Available at: https://www.uscourts.gov/sites/default/files/document/guide_vol05.pdf).

(2)    communication with counsel or the presiding judge; or

(3)    a witness' comprehension of questions or the presentation of testimony.

*Guide to Judiciary Policy* § 230 (Habeas Corpus Petitions). And the Court will cover the costs of that interpreter when appointed. *See* 28 U.S.C. §§ 1827(b)(3), (h).

In this case, because Mr. Mohammed is not proficient in English, and given the gravity of what is at stake—his potential deportation to a third country, Eswatini—his ability to communicate with the Court and provide testimony during the hearing is crucial. Therefore,

**IT IS ORDERED** that the Motion to Appoint Interpreter (Doc. 42) is **GRANTED**. The Court will provide an Amharic interpreter, at Court expense, for the evidentiary hearing set for Wednesday, March 25, 2026 at 9:00 a.m.

Signed in Baton Rouge, Louisiana, on <u>March 18, 2026</u>.

_____
**JUDGE JOHN W. deGRAVELLES**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**